UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**MCMANIMON SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, NJ 08611
Andrea Dobin, Esq.
(973) 323-8667
adobin@msbnj.com
*Attorneys for Thomas J. Orr, Chapter 7 Trustee*

Order Filed on July 11, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

BARRY YELLEN,

        Debtor.

Case No. 19-30274 (KCF)

Honorable Kathryn C. Ferguson

Chapter 7

**STIPULATION OF SETTLEMENT AMENDING ORIGINAL SETTLEMENT TERMS REACHED IN ADVERSARY NO. 20-1131**

The relief set forth on the following page, numbered two (2) through six (6), it is hereby

**ORDERED.**

**DATED: July 11, 2022**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

Debtor: Barry Yellen
Case No. 19-30274 (KCF)
Caption of Order: Stipulation of Settlement Amending Original Settlement Terms Reached in Adversary No. 20-1131

---

**WHEREAS** Barry Yellen (the "**Debtor**") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 28, 2019; and

**WHEREAS** Thomas J. Orr (the "**Trustee**") was appointed to serve as the trustee in the Debtor's bankruptcy case on October 29, 2019 and continues to serve in that capacity; and

**WHEREAS** on February 25, 2020, the Trustee initiated an adversary proceeding against the Debtor's non-debtor wife, Rose Yellen (the "**Defendant**") seeking to avoid a 2015 transfer to her of the Debtor's interest in the real properly commonly referred to as 2 Glenwood Circle, East Windsor, New Jersey 08520 (the "**Property**")(referred to herein as the "**Adversary Proceeding**"); and

**WHEREAS** because the Estate asserted a right to recover ownership of the Property, the Trustee recorded a *lis pendens* against the Property (the "**Lis Pendens**") when the within adversary proceeding was initiated; and

**WHEREAS**, the parties reached an agreement to resolve the Adversary Proceeding memorialized in a Stipulation of Settlement entered as an Order of the Court in the Adversary Proceeding on January 20, 2022 (ECF 53)(the "**Settlement Order**"); and

**WHEREAS**, under the terms of the Settlement Order, among other things, the Defendant was to pay the Trustee the sum of $89,000 (the "**Settlement Sum**") by April 1, 2022, failing which, among other things, the Property was to be listed for sale; and

**WHEREAS**, the Defendant did not make the payment as required under the Settlement Order or list the Prperty for Sale; and

**WHEREAS** the Trustee sought and obtained (on May 24, 2022) an Order Compelling

3 | Page
Debtor: Barry Yellen
Case No. 19-30274 (KCF)
Caption of Order: Stipulation of Settlement Amending Original Settlement Terms Reached in Adversary No. 20-1131

---

the Debtor and Defendant to list the Property for sale which order also authorized the Trustee to record a *lis pendens* against the Property. (ECF 38); and

**WHEREAS**, the Debtor and Defendant would like to avoid the sale of the Property and, thus, engaged in settlement discussions with the Trustee to avoid having to list the Property for sale and/or sell it.

**NOW, THEREFORE, intending to be legally bound hereby**, the parties hereto stipulate and agree as follows:

1. The deadline for the Defendant to pay the Settlement Sum is extended through and including October 15, 2022. In exchange for the extension of time to pay, the Defendant agrees that the Settlement Sum will be increased on a sliding scale as follows:

    a. If payment is made on or before July 15, 2022, the Settlement Sum will be deemed $94,000;
    b. If payment is made on or before August 15, 2022, the settlement Sum will be deemed $95,500;
    c. If payment is made on or before September 15, 2022, the Settlement Sum will be deemed $97,500; and
    d. If payment is made on or before October 15, 2022, the Settlement Sum will be deemed $100,000.

2. If payment is not received by October 15, 2022, the Defendant will have forfeited the right to settle with the Trustee by paying the Settlement Sum.

3. As of October 16, 2022, the Trustee is authorized to sell the Property. The Debtor and Defendant will cooperate in the Trustee's listing of the Property and sale of it, including vacating the Property in a timely manner when the Trustee moves for approval of the sale of the Property. The Estate will retain $175,000 from the sale proceeds for the benefit of creditors of the Estate in the event of such sale.

4 | Page
Debtor: Barry Yellen
Case No. 19-30274 (KCF)
Caption of Order: Stipulation of Settlement Amending Original Settlement Terms Reached in Adversary No. 20-1131

---

4. Simultaneously with the execution of this Stipulation, Defendant will execute a Consent Order authorizing the sale of the Property pursuant to 11 U.S.C. §363(h), but waiving the right to her half interest in the Property pursuant to 11 U.S.C. §363(j), confirming, instead, that the Estate will retain $175,000 from the proceeds of sale of the Property, with the balance to be paid jointly to the Debtor and Defendant. The Consent Order will not be presented to the Court for docketing unless and until (i) October 16, 2022; and (ii) only if the Settlement Sum is not paid.

5. The Trustee will not file a *lis pendens* against the Property as authorized by the Order Compelling Sale of the Property as long as the Defendant is demonstrating that she is diligently pursuing financing for this settlement.

6. Contingency. This settlement is contingent upon notice to creditors. In the event that an objection is lodged and sustained, the parties will be returned to the *status quo ante* and the Defendant and Debtor must comply with the Order compelling the sale of the Property.

7. Entire Agreement. This Stipulation constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

8. Execution of Agreement. This Agreement may be executed in one or more counterparts, any of which need not contain the signatures of more than one Party, but all such counterparts taken together shall constitute one and the same agreement. Facsimile and/or scanned signatures will be deemed to have the full force and effect of ink

5 | P a g e
Debtor:  Barry Yellen
Case No. 19-30274 (KCF)
Caption of Order: Stipulation of Settlement Amending Original Settlement Terms Reached in Adversary No. 20-1131

---

signatures.

9. <u>Drafting of Agreement</u>.  This Agreement was drafted by all the Parties and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

10. <u>Jurisdiction</u>. The Bankruptcy Court for the District of New Jersey will retain jurisdiction over the terms and conditions of this Agreement, and any and all disputes, claims or actions based upon this Agreement will be heard exclusively by the Bankruptcy Court in the District of New Jersey.

11. <u>Authority</u>.  The undersigned have the authority of their respective clients to execute this Stipulation on their behalf and bind them to the terms hereof.

**[BALANCE OF PAGE INTENTIONALLY BLANK]**

6 | Page
Debtor: Barry Yellen
Case No. 19-30274 (KCF)
Caption of Order: Stipulation of Settlement Amending Original Settlement Terms Reached in Adversary No. 20-1131

---

IN WITNESS WHEREOF, the Parties have executed this Stipulation signifying their agreement to the terms hereof.

**LAW OFFICES OF SKLAR & SMITH-SKLAR**, counsel to Rose Yellen, Defendant

Dated: 6-8-22

By: */s/ Keith Sklar*
      Keith Sklar

**McManimon Scotland & Baumann, LLC**, counsel to Thomas J. Orr, Trustee, Plaintiff

Dated: 6-22-22

By: */s/ Andrea Dobin*
      Andrea Dobin

Dated: 6-8-22

*/s/ Barry Yellen*
Barry Yellen

Dated: 6-7-22

*/s/ Rose Yellen*
Rose Yellen

4893-5071-9779, v. 1